IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NEVIN KERR WHETSTONE                                                                    PETITIONER

v.                                                                                       No. 1:15CV139-SA-JMV

MDOC PAROLE BOARD, ET AL.                                                              RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Nevin Kerr Whetstone for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to state a valid *habeas corpus* claim – and as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Petitioner Nevin Kerr Whetstone pleaded guilty on December 14, 1984, in the Lee County Circuit Court to capital murder and was sentenced to a term of life in the custody of the Mississippi Department of Corrections (MDOC). *See Whetstone v. State,* 109 So. 3d 616 (Miss. Ct. App. 2013). In the habeas action currently pending before this Court, Whetstone does not challenge the merits of his plea and sentence. Rather, Whetstone has filed a Petition for a Writ of Habeas Corpus in this cause challenging the denial of parole. Specifically, Whetstone contends that he was denied due process in the denial of a fair parole hearing on his request for parole seven times based on "false support of claims." Whetstone's most recent parole action sheet which reflects that he was most recently denied parole on August 28, 2013. Whetstone also contends that he has been denied adequate medical treatment.

## Claim for Denial of Medical Care

A federal claim for *habeas corpus* relief must be based "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a claim for denial of adequate medical care involves the conditions of Whetstone's confinement, not the validity of his conviction or sentence, the allegation will be dismissed for failure to state a claim for *habeas corpus* relief upon which relief could be granted. The dismissal is, however, without prejudice to Whetstone's ability to raise these claims in a separate suit challenging the conditions of his confinement under 42 U.S.C. § 1983.

## One-Year Limitations Period

As to Whetstone's *habeas corpus* claims, decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Whetstone has attached his most recent parole action sheet, and he was most recently denied parole on August 28, 2013. Thus, without the benefit of statutory or equitable tolling, Whetstone's deadline for seeking federal *habeas corpus* relief regard parole eligibility expired on August 28, 2014, one year from the parole board's action (the factual predicate for his claims).

Though Whetstone has filed several pleadings regarding the denial of parole with the Mississippi Department of Corrections, the circuit court, and the Mississippi Supreme Court, none of those pleadings was filed before August 28, 2014, the expiration of the federal *habeas corpus* limitations period. In addition, several of those pleadings were not "properly filed" in the appropriate court, and, in any event, Whetstone has never fairly presented the issue of the denial of parole to the Mississippi Supreme Court.

On February 12, 2015, Whetstone signed a "Petition for Writ of Habeas Corpus" which was stamped as filed in the Mississippi Supreme Court on February 17, 2015. This petition was dismissed by Order of the Mississippi Supreme Court filed June 3, 2015 for lack of jurisdiction. As such, this pleading was neither filed within the limitations period, nor "properly filed" as set forth in 28 U.S.C. § 2244(d)(2). Hence, this pleading did not toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)).

On June 11, 2015, Whetstone signed a petition for a writ of *habeas corpus* which was stamped as "filed" on June 16, 2015, by the Lee County Circuit Court (ECF Doc. 1, pp. 18-36). The petition was, however, transferred to the Sunflower County Circuit Court and dismissed February 11, 2016, for

failure to state a claim. See ECF Doc 11, pp. 5-6. Whetstone did not appeal the trial court's ruling to the Mississippi Supreme Court; as such, any claims raised therein have never been fairly presented to the state's highest court.

In addition, Whetstone filed a complaint with the Administrative Remedy Program (ARP) in July 2015. The Second Step Response (which terminate the grievance process) states that the grievance was received on July 14, 2015. ECF Doc. 1, p. 41. Whetstone attaches to his petition a copy of this Second Step Response Form which was dated July 15, 2015, and which he signed as having received on July 21, 2015. *Id.* The Mississippi Supreme Court's website does not reflect that Whetstone sought judicial review of the Second Step decision in state court. Again, this pleading was not filed until July 2015, almost a full year after the federal *habeas corpus* limitations period expired. As none of Whetstone's pleadings was signed or filed before the August 28, 2014, he may not enjoy statutory tolling of the limitations period while the pleadings were pending.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on August 6, 2015, and the date it was received and stamped as "filed" in the district court on August 10, 2015. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 343 days after the August 28, 2014, filing deadline. Whetstone has not alleged any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant

petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 14th day of June, 2016.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**